CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 17 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:04cr30075-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| JOSEPH COLEMAN | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |

Defendant Joseph Coleman, Federal Register Number 10740-084, filed this 28 U.S.C. § 2255 motion challenging his mandatory minimum sentence of 240 months' incarceration based on his guilty plea in the above-referenced criminal action of conspiring to distribute at least fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. Coleman maintains that the court lacked jurisdiction to indict and convict him. For the following reasons, the court will dismiss his § 2255 motion [docket no. 59] and the document [docket no. 61] he subsequently filed in support thereof.

Coleman filed the instant motion on May 12, 2008 as an "Order to Show Cause" under Federal Rule of Civil Procedure 60(b)(4). To the extent Coleman brought his claim pursuant to Fed. R. Civ. P. 60(b)(4), his claim was denied pursuant to an order entered on May 13, 2008. However, because it appeared he was attempting to challenge the validity of his criminal conviction or sentence, the court conditionally filed the instant motion as a § 2255 motion on May 14, 2008, therein giving him notice of the court's intended construction and an opportunity to object, as required by Castro v. United States, 540 U.S. 375 (2003). Coleman did not object to this construction; rather, he filed a "MOTION TO DISMISS, DISCHARGE, VOID JUDGMENT UNDER 60(b)(4) PURSUANT TO AEDPA HABEAS CORPUS PETITION 2255 28 U.S.C.," reiterating the claims asserted in the original motion.* Accordingly, the court will proceed with the

---

* Coleman has already been advised by the order [docket no. 57] entered on May 13, 2008, that the Federal
(continued...)

consideration of the motion as a § 2255 motion.

In his petition, Coleman claims that the court lacked "power to present conviction on said indictment"; in his subsequent filing, he states that "[t]he void judgment in this matter must be dismissed based on the principles that the court lacked jurisdiction to render it." In the first instance, this claim is procedurally barred. A petitioner may not raise for the first time in a § 2255 petition a claim which he could have raised, but did not raise, on direct appeal, unless the petitioner establishes cause and prejudice capable of excusing default. Bousley v. United States, 523 U.S. 614 (1998); United States v. Pregent, 190 F.3d 279, 284 n.5 (4th Cir. 1999). Coleman did not raise this claim on direct appeal, and he has not alleged cause and prejudice to excuse his default. Therefore, the court finds that this claim is procedurally barred.

Moreover, assuming arguendo that Coleman's claim was not procedurally barred, it fails on the merits. The jurisdiction of federal courts over violations of the laws of the United States of America is well-established. A defendant charged with violating a federal law is not asked to submit to the jurisdiction of the federal courts. Rather, the United States Code endows the district courts of the United States "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. In this case, Coleman was charged, by an indictment returned by a federal grand jury, with violations of 21 U.S.C. §§ 841 and 846. Because Coleman was charged with violating federal statutes, this case lies squarely within the original federal court jurisdiction conferred under 18 U.S.C. § 3231. Accordingly, the court finds that it had

---

*(...continued)
Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature, not criminal matters. See Fed. R. Civ. P. 1, 81; United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999). "Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case." O'Keefe, 169 F.3d at 289.

2

jurisdiction to "present conviction on said indictment," and Coleman's claim fails.

For the reasons stated herein, the court will dismiss Coleman's § 2255 motion.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTER: This 17th day of June, 2008.

*/s/ Glen Conrad*
United States District Judge