CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
SEP 0 9 2008
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:04cr30075-1 |
| | ) | (2255 Case No. 5:08cv80091) |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Hon. Glen E. Conrad |
| JOSEPH COLEMAN | ) | United States District Judge |

Defendant Joseph Coleman, a federal inmate proceeding pro se, has filed a pleading that he styles as a "Writ of Error Pursuant to 28 USCA 1651(a) In aid of Court original Jurisdiction Pursuant to 18 3231." Given the nature of the allegations, the court construes this submission as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the motion and court records, the court concludes that this § 2255 motion must be dismissed as successive.

Coleman pleaded guilty in January 2005 to one count of conspiracy to distribute crack cocaine, and on April 8, 2005, the court sentenced him to a statutory mandatory minimum sentence of 240 months imprisonment. He did not appeal. In his current motion, Coleman asserts that the court did not have personal or subject matter jurisdiction to try, convict, and sentence him for the criminal offense of which he stands convicted because the indictment did not indicate that his offense was committed within the territory of the United States.[1]

Coleman does not state in his motion any legal authority on which the court could revisit his sentence now, three years after its imposition. United States Code, Section 3582(c) provides

---

[1] Coleman's claim is utterly without merit. The United States Code endows the district courts of the United States with "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. In this case, Coleman was charged, by an indictment returned by a federal grand jury, with violations of 21 U.S.C. §§ 841 and 846. Because Coleman was charged with violating federal statutes, his case fell squarely within the original federal court jurisdiction conferred under 18 U.S.C. § 3231.

that, with limited exceptions not applicable here, "[a] court may not modify a term of imprisonment once it has been imposed." A defendant may claim relief under § 2255 on grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. See Hill v. United States, 368 U.S. 424, 426-27 (1962). Because Coleman alleges that his sentence was imposed in violation of the Constitution or laws of the United States, the court believes that the motion must be construed as one filed pursuant to § 2255.

Court records indicate, however, that defendant previously filed a motion that the court construed and addressed, without objection from Coleman, as a § 2255 motion concerning this same conviction and sentence. See Case No. 5:08cr80055. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As the defendant offers no indication that he has obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court must dismiss his current action without prejudice.[2]    For the reasons stated herein, the court will dismiss Coleman's § 2255 motion.

---

[2]To obtain certification from the Fourth Circuit, the defendant must submit a copy of the § 2255 motion to the Court of Appeals, along with a motion requesting certification for the district court to review a successive § 2255 motion. See 28 U.S.C. § 2244. Defendant may write to request a form and instructions for filing this motion at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to the parties.

**ENTER**: This 9th day of September, 2008.

/s/ Glen Conrad
United States District Judge